Call to rise. Dear ye, dear ye, this Honorable... This Honorable Appellate Court for the Second Judicial District is now open. The Honorable Liam C. Brennan presides. Please be seated. Your Honor, the first case on the job this morning is 2-22-0006 triggering a party-linked appellant to be Chris Lamping, Susanna Adelka, and the Board of Library Trustees of the City of Crystal Lake all well individually. We also incorporated rematchs of Barrington and Business Plan Incorporated defendants and police. Partnering for the appellant, Ms. Jennifer J. Gibson. Are you going to do that for me? Mr. Brett Swanson. Ms. Gibson, you may proceed. May it please the Court. My name is Jennifer Gibson. I represent the appellant, Kimberly Curtis. The first issue in our appeal involves the discovery rule. Helpful in analyzing the rule to prepare for this appeal   and the how. What is the discovery rule? What is the discovery rule? Why do we have it? And how do we apply it? The discovery rule delays commencement of this relevant statute of limitations until one, the plaintiff knows or reasonably should know of his injury, knowledge of the injury, and two, it's two parts, until he knows or reasonably should know that the injury was wrongfully caused. It's knowledge of the cause. We need both. Well, here there's no question that you had both at the point in time where the dog attacked your client. Well, we had knowledge of one of the causes. One of the causes. Well, there's only one cause. It's the dog. Well, I would say that the cause would be somebody harboring the dog, allowing the dog to be on the property, negligently caring for the dog, not the dog itself. Well, once the injury occurs and the plaintiff knows that somebody's responsible, I mean, that's the point in time where the plaintiff has an obligation to start the inquiry to not run afoul of the statute of limitations. Isn't that fair? Absolutely fair. Absolutely. He does have an obligation to start the inquiry. So, it brings me to the why. Can we follow up on the point that Justice Breyer raised? Sure. You seem to be saying that the person, the client, is not charged with the knowledge sufficient to trigger the running of the statute of limitations as to any particular defendant because the person must know the individual responsibility of the parties involved. The Supreme Court does not agree with that. The Supreme Court has said knowledge that an injury has been wrongfully caused does not mean knowledge of the specific defendant's specific conduct. Because if that were the case, as I think about it, there would be no specific statute of limitation. You could go on and as you allegedly discover more people who could be potential defendants, the statute would never run. I agree. Except where in the case such as the Midsias case, and I hope I'm pronouncing it right. Midsias. Midsias. We're dealing with... That case is distinguishable, isn't it? It is. It's not. So why do you cite it? It's not on point at all. I cite it for the proposition that we could be dealing with what they term the inherently unknowable. Pardon? Inherently unknowable proposition. How is it inherently unknowable? Well, one, in looking to the Midsias case, it distinguishes when the facts are in the hands of the defendant. It talks about that in paragraph 26. That it's different when perhaps the information is in control of the defendant. They have it. Midsias, the court was discussing the causal link was yet unknown to science. The dog was known. Correct. The dog was the cause of the injury. Correct. What we're looking for is the person or persons responsible for the safe care of the dog, right? And that was probably the biggest hurdle and the biggest problem in preparing the appeal was that in the exceptions and when the cases talked about the inherently unknowable, they were products liability. Okay? This was unknown. The distinction is that the causal link in Midsias was unknown to science. Unknown to science. And it's completely distinguishable. And here's another question. Do you agree if you cite Dobbs, the law of torts, that section dealt with undiscovered injury, not undiscovered tort features, correct? Correct. So how does the cite to that help your case? I think it cites it for again, my appeal is premised on in this case, in this particular case, and I believe the rule is applied on a case-by-case basis. It's an equitable rule, so no one size fits all. But the bulk of authority, wouldn't you agree, in several cases you didn't cite, go against your theory. And that's the problem you have. We have to follow Supreme Court precedent. Correct. Correct. And my appeal based on the discovery rule was premised on in this case, the information being in the hands of the library, and the library not turning it over. We asked. I mean, it's not like... There's no allegation of fraud, is there? No. I mean, no. We don't know why it wasn't turned over. We certainly asked. So we asked approximately six months after the case was commenced, which is not an unreasonable time to... But a year and a half after the injury. Correct. But six months after the case was commenced, we did ask. We served discovery. It wasn't timely answered. It was answered four months late. And the answer was incomplete. But Knox and Galla, I mean, there's nothing in those cases to suggest that the statute of limitations question is defendant-specific. It's... And there's cases that neither side frankly cites that basically interpret Knox and Galla that it's not defendant-specific, absent these fraud-type situations or intentional, you know, collusion or hiding or anything like that, none of which is alleged here. I mean, how do we go against the clear implication of Knox and Galla that the statute of limitations and the discovery rule is not defendant-specific? And... Again, I posit that it's not... I don't think it's a black and white rule. And I looked at... And I am aware of the case law. And, you know, the case law discouraging the application of this rule when there is a traumatic injury. Okay? And you're aware of our decision in Travis v. Wells, right? I mean, it stands to the proposition that Justice Brennan is alluding to. It's not defendant-specific. We specifically rejected that argument. In that case, the plaintiff had argued that the statute shouldn't run until the new defendants are specifically identified. And we rejected that. So it seems to undermine your argument. So one thing I would say to that, and... is that holding to that rule, where a plaintiff has to file his cause of action against everybody when he learns that he's injured, and that's when the statute of limitations starts to accrue, is we run the risk of a plaintiff filing suit before they have all the information. Um... And perhaps now you're trying to file suit, and you just name everybody before you even know whether you have a good cause of action. And... I think that's why it's a good extension of the discovery rule in cases where it is inherently unknowable that there is another... But this is... There's no argument that this was inherently unknowable. It just... Discovery, for whatever reason, you know, started when it started. The suit was filed when it was filed. Discovery started when it started. It was or was not answered. Perhaps somebody did or didn't move to compel discovery in a more timely basis. But the point is this was inherently knowable. It just wasn't discovered in time. And it's not an inherently un... I sound like Donald Rumsfeld. But it's not an inherently unknowable situation. Do you want to discuss the Relation Back Doctrine and whether or not that argument is forfeited because it was not raised in the trial court? Yes. It was not specifically raised by name. Nobody mentioned Relation Back Doctrine, okay? So why wouldn't that forfeit? I mean, the law is well settled. You can't argue on appeal grounds for reversal if you did not argue in the trial court, correct? Well, one, forfeiture... It's not automatic. It's to Your Honor's discretion, okay? So it's not automatic. I think it was the stronger argument of the two. And so that's why I raised it. Two, although it wasn't called by name, the Relation Back Doctrine, the general concept that it would be equitable in this case to avoid a technical default to look past the statute of limitations, the general concept was raised. It just wasn't called by its name. Can you give us any insight into why it wasn't raised? I don't know. But again, in preparing this appeal, I knew it was the stronger of the two. Can I ask a question? So the idea that I understand being raised is that there's such a symbiosis or commonality to the Relation Back Doctrine and the Discovery Doctrine that it's not unfair to say that it was essentially raised and that it should not be forfeited. But when I look at the theoretical underpinnings of the two doctrines, the Relation Back Doctrine focuses on what the defendant knew. The Discovery Doctrine exception focuses on what the plaintiff knew. It doesn't seem that they are so similar, if you will. Their purpose is similar, and when it took me through the analysis, the analysis was similar because what are the arguments in the Discovery Rule, I did focus on that the knowledge was in the hands of the defendant, and that's why I may be the most knowledgeable argument. So I think certain parts of the analysis took me around the same facts, ended up to the same result, had the same equitable principles. Now granted one was common law. My Discovery Rule claim was based on common law, where my Relation Back argument was based on statute here. But it checks all the boxes, and I think it checks all the boxes down to a T. You seem to be arguing the unfairness or inequitability of the fact that you were forfeited in this case for not raising it in the trial court. How do you respond to the argument that would also be unfair to the defendant, who if you had raised this argument in the trial court, would have been able to introduce some evidence to refute or contest it? So haven't they been put in an untenable position? I don't know that I'm arguing that due to the circumstances in the case that it's unfair to my defendant. We had in this particular case some crucial knowledge that was in the hands of the defendants. It was in the hands of the defendants, which we did ask for. And I don't think I think the bigger point is the prejudice. They're not surprised. How do we know that? Mr. Wells is certainly not surprised. Well, one, during the pendency of the suit, he gave a reported statement. He was identified as an agent at first, later identified as in an expired lease as a former broker for the property, and then finally, when we issued the subpoena, identified as the managing agent for the property. So are you saying that you so when, according to, in the record, when is the first time the plaintiffs were aware that Wells was an agent? August the discovery was finally answered on August 20th. So that's the first time in the record. No, October. October 20th. It was October 20th and it was, I believe, 2020 or 2021. The date is October 20th. A point in time where the statute of limitations absent one of these doctrines had run. It had. It had. It's the first time we learned it had. Well then, how do you glean that the Wells defendants were aware of the suit prior to the running of the statute of limitations, which I think is the point or one of the foundational aspects of the relationship. Actually, it hadn't run. So the dog bite occurred December 27th, 2018. We first learn of Wells' involvement because the discovery was answered on October 2nd, 2020. So we had two more months when we first learned. And when did you file the amended complaint? The amended complaint was filed January 28th, about a month exactly after we issued the subpoena to find out exactly who Mr. Wells was. So if I'm listening to your chronology and understanding it correctly, you're suggesting that you knew Wells was possibly responsible prior to the running of the statute of limitations, but didn't add them as a defendant until after. Am I understanding that chronology correctly? We knew of him and a possible involvement, but we didn't know exactly what, yes. But I believe the relation back, if it's applied, cures that. You will have an opportunity, and do other Justices have any questions? You'll have an opportunity for rebuttal. Thank you. Thank you. Mr. Swanson, you may proceed. May it please the Court. Good morning, Your Honors. Buried the lead right there, right at the end. Mr. Wells and the defendant appellees were identified on October 2nd of 2020 in discovery. So he was discovered. He was identified two months before the statute of limitations  He may be more sympathetic to the plaintiff and her cause if there was an affidavit, something in the record to establish what if any efforts were taken from the date of the accident on December 27th, 2018 all the way up until discovery was answered. Discovery isn't the only mechanism for finding out who may have been responsible who was involved in the case. The record has nothing other than standard discovery. To imply that the discovery rule applies here would be kind of rewarding lazy lawyering. I know Ms. Gibson wasn't involved in the underlying case, but the truth of the matter was Mr. Wells was identified two months before the statute of limitations expired. Nothing was done. In fact, he was issued a subpoena in December. Instead of a subpoena, he could have been named a respondent of discovery. He could have been sued. He could have been deposed. Many steps could have been taken other than filing a lawsuit. So as it relates to the relation back issue, it sounds like Mr. Wells may have been aware of this suit prior to the statute of limitations period running. Correct. He likely was. He received a subpoena on December 10, 2020. That argument wasn't raised in the underlying court. We didn't have a chance to address that or supplement the record or anything that could have said what he knew, what he didn't know. I will say, with a dog attack, most human beings don't think that they're responsible for a dog that isn't theirs. Well, the lease... I looked at the lease. The lease didn't even allow dogs. The lease allowed a cat. Again, we don't have anything. He wasn't deposed. He doesn't... Was he responsible for leasing? But on the face of the lease, if he was responsible for executing the lease, the only pet allowed was a cat, unless the dog was named Cat. And again, I don't know if the dog was a... Do we know the name of the dog? I do not. Again, I was brought late to the case. I didn't participate in discovery. I don't know if the dog belonged to the resident or a friend of the resident or what circumstances the dog was there. I don't... Quite frankly, we don't know. We didn't... Again, he was... had an opportunity to bring Mr. Wells into the case well before the statute ran, whether or not he knew. Like Ms. Gibson said, he gave a report statement. He received a subpoena. He was certainly aware of the lawsuit. That doesn't mean that he thought they made a mistake, that he should have been named. Presumably, if he thought he was going to be sued, he would have been sued. That's not... So you're arguing that Plaintiff has forfeited the argument on the relationship doctrine, correct? Correct. And you're aware of the fact that I think someone pointed out here this morning, that's really a limitation on the parties known as the courts. Correct. We could overlook that. You could. Plaintiff argues, you know, they're being deprived of a day in court on a technicality. So how do you respond to that? That's not a technicality. They were... Again, a technicality would be if there were some outward measures to hide when Mr. Wells was. Drastic measures, or not even drastic. If some measures were taken to identify who this was prior to October 2nd, but there's just nothing in the record other than just issuing discovery. So you're saying they should not be rewarded for non-feasance? Not non-feasance. They did something, but, you know, you don't reward... I'd be more sympathetic to the cause if there were some significant activity. Here's the efforts we took. Here's an investigation. Phone calls. We've made records. We looked through. Here's the lease agreement that didn't have Mr. Wells on it. Here's something other than just issuing interrogatories. We've also had some discussion about the Messiahs case that the plaintiff's attorney, Cranberry, relies on. It seems to be inconsistent extensively with some other case law. So, can you tell us your position of why Messiahs does not apply here? Again, it's a known injury. The day it happened. 12-27-18. Attacked by a dog. What, if any... The complaint was filed a year later. What efforts were taken between 12-27-18 and 12-7-19 to identify who was at fault? Everyone knew it was a dog attack. We've got a two-year schedule limitation. Nothing is in the record. What efforts, if any, were taken in that year period? I don't know when they came to counsel, what happened, what investigation was done. Again, the complaint was filed, discovery was issued. It's a mistake. They learned who he was in October of 2020. They didn't say why they couldn't find out who he was before that. With that, I really don't have any other argument. If you have any other questions, I'll be happy to answer. I do not. Thank you. Ms. Gibson, would you like to rebuttal? So, the relation back doctrine, if Your Honors choose to address it, as is your prerogative, I think this squarely falls within it. The original action was timely filed. Skipping over to the third requirement, the cause arose out of the same transaction. One and three are a no-brainer. We look to the second element of the relation back, and it's did the person sought to be added receive notice of the commencement of the action such that the person wouldn't be prejudiced in maintaining a defense? And that's the first part of it. Yes, he did receive notice. It's admitted that he knew about it. He gave statements. He was named in the discovery. He was the agent. He was the agent for the library. And the second part of it, he knew or should have known, but for the mistaken identity that they had brought it against him or her. Is it mistaken identity, or is it just an alternative defendant? I mean, it's not a mistaken identity case. It's just different theories of recovery, right? I mean, it's another defendant. It's another argument. But it's not mistaken identity. So I think that can be. When you look at the Borchers case where the employee sued the employer for the ESOP, during the discovery process, after the limitations had run, they found out the two specific employees of the employer who were responsible. And the court there constituted or defined that as a mistake, falling within the relation back doctrine. And the plaintiff was allowed to name them. We also have the Zlativ. Zlativ, again, I'm hard to pronounce that name. The case with the thrown brick. You have the plaintiff with the fight outside. There's multiple people involved. He named certain people that he knew were involved, but during the discovery process, he realizes there was another person present who may have thrown the brick or had a part in encouraging or had a part in this brick being thrown. And again, the court, in that case, also defined that as a mistake for purposes of the relation back doctrine. And the plaintiff was allowed to add that defendant. So I think it would clearly fall within the relation back whether it's forfeited. I think that the concept and the facts were generally raised. It was called relation back. We argued the facts and that it would be inequitable to apply, to strictly apply the statute of limitations in this case, and we'd ask for Your Honor's discretion when it comes to whether that issue is waived. Any other questions? Thank you very much. The court will stand recess and will issue an opinion in due course. Thank you to both sides for an interesting argument.